# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO ALVAREZ, | Case No. 1:14-cv-00449 DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| G. RICHARDSON, et al., | |
| Defendants. | |

Plaintiff Rodolfo Alvarez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 28, 2014. He filed a First Amended Complaint ("FAC") as of right on July 2, 2014.[1]

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 14, 2014.

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Based on the documents attached to his FAC, it appears that the events at issue occurred at CSATF.

Plaintiff's FAC is comprised mainly of copies of his state habeas corpus action. In the caption, he lists Defendants as those named in his habeas corpus action.[2] The habeas action,

---

[2] In his original complaint, Plaintiff named G. Richardson, T. Carr, R. Egelline, L. Werner and Lt. S. Alva as Defendants. However, Plaintiff's FAC superseded the original complaint the Court cannot refer back to the original complaint.

denied by the Kings County Superior Court on May 12, 2014, was brought against Warden Sherman.

In the statement of claim, Plaintiff also refers the Court to the habeas petition, as well as a letter written to the Honorable Robert S. Burns.

According to the exhibits, it appears that Plaintiff was convicted of disrespecting staff after a June 15, 2013, disciplinary hearing.  He identifies numerous issues with the hearing, including the denial of his right to call witnesses and the failure to disclose favorable inmate statements.  Plaintiff also contends that he did not use the term he was accused of using.

Plaintiff was found guilty of "Disrespect to Staff" and assessed a thirty-day credit forfeiture and ninety-days loss of privileges.

He also states that J.D. Lozano, Chief Officer of Appeals, refused to process his inmate appeal, and that prison staff violated sections 3160 and 3163 of Title 15 of the California Code of Regulations.

Plaintiff alleges violations of his due process rights under the Fourteenth Amendment.

**C.  DISCUSSION**

    1.    Due Process Claims Related to Disciplinary Hearing

In Preiser v. Rodriguez, the Supreme Court held that a habeas action, rather than a suit under section 1983, is the proper vehicle for a state prisoner to challenge "the fact or duration of his confinement."  411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Actions under section 1983 are not cognizable when the prisoner seeks "immediate release from prison" or a shortening of the term of confinement.  Id. at 482.  The Court expanded on this principle in Heck v. Humphrey, explaining that even when a plaintiff seeks monetary damages rather than a speedier release, federal courts may not consider section 1983 claims that impugn the lawfulness of confinement.  See Heck, 512 U.S. 477, 485, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  When a state prisoner's challenge "necessarily impl[ies] ... the invalidity of" a prison discipline, the action must be pursued through a petition for a writ of habeas corpus.  See Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); see also Butterfield v. Bail, 120 F.3d 1023, 1024–25 (9th Cir.1997) (holding that § 1983 action against parole board defendants who

considered false information in denying parole was not cognizable because "the remedy [plaintiff] ultimately seeks is parole").

In his FAC, Plaintiff presents due process challenges to his disciplinary hearing. A finding in Plaintiff's favor would invalidate the result of the hearing, as well as the thirty-day credit forfeiture. Therefore, as this would affect the length of Plaintiff's confinement, his sole remedy is a writ of habeas corpus.

2. Due Process Related to Inmate Appeals Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

3. Violation of Title 15 of the California Code of Regulations

The exact nature of Plaintiff's claim is unclear. Regardless, the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations and there exist ample district court decisions holding to the contrary. E.g., Vasquez v. Tate, No. 1:10-cv-1876 JLT (PC), 2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal. 2012); Meredith v. Overley, No. 1:12-cv-00455-MJS (PC), 2012 WL 3764029, at *4 (E.D. Cal. Aug. 29, 2012); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

Accordingly, Plaintiff cannot state a claim under Title 15.

**D.     ORDER**

For the reasons discussed above, Plaintiff's FAC fails to state a claim for which relief may be granted under section 1983. Plaintiff's FAC is DISMISSED WITHOUT LEAVE TO AMEND.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **September 17, 2014**                    /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE